## R. Payne's Exr. v. John M. Garth, et al.

**Proceeding Supplemental to Execution.**

> When it is sought to require a judgment defendant's creditor to apply means on the claim of the owner of the judgment, it must be established that such person is indebted to the judgment debtor.

APPEAL FROM SCOTT COURT OF COMMON PLEAS.

February 26, 1885.

Opinion by Judge Lewis:

Appellant brought this action to enforce the satisfaction of a judgment recovered by him against appellee, J. M. Garth, upon which an execution fieri facias had been issued and returned no property found.

It is stated in the petition that on November 17, 1869, J. M. Garth sold and conveyed to his son, appellee, C. L. Garth, a tract of land for the recited consideration of $34,212.50 paid in cash; but that only a small part thereof, if any, was actually paid, a large balance, more than sufficient to satisfy appellant's judgment, yet remaining unpaid.

It is further stated that C. L. Garth holds in secret trust money, property and choses in action of value sufficient to satisfy the judgment, and appellee, C. L. Garth is called on to disclose what amount he so holds for John M. Garth.

Judgment is asked subjecting to the satisfaction of appellant's debt whatever C. L. Garth may be found indebted to J. M. Garth, or whatever property of any kind he may have in his hands belonging to him.

From the evidence of C. L. Garth, whose deposition appellant caused to be taken, it appears that about the year 1861, John M. Garth, who at the time was the owner of large and valuable real property, gave to his son, C. L. Garth, about 200 acres of land off the east side of his home place which in 1864 was surveyed and laid off, but no deed was made therefor at that time.

In 1869 he purchased of his father the residue of the farm being about 297 acres at $115 per acre aggregating the sum mentioned of

$34,212.50 and his father then conveyed to him the entire tract of about 497 acres, including the 200 acres given to him in 1861.

He states in his deposition that instead of paying the consideration in cash he gave five several notes of equal amounts, the last of which he paid in the year 1878.

There is very little in his deposition, or in the record, showing or tending to show that the statements made by C. L. Garth in his deposition are untrue. And independent of his own statements there is nothing in the record showing he was, when this action was commenced in September, 1880, indebted to his father on account of the purchase of the land or other account in any sum whatever.

To have accumulated by trading and from profits on the 200 acres given to him by his father, from 1861 to 1869, as much as $15,000, being at the latter date only 24 years of age, is rather extraordinary. But the cashier of the bank where he has transacted a good deal of business says in his deposition that he "knows of no young man or middle aged man more frugal, industrious or money-making than him and that he has been very successful in his business during the entire time from 1861. Moreover, it appears that on December 30, 1869, C. L. Garth did actually have on deposit in bank to his credit $12,529.95.

It is not alleged nor is there anything in the case showing that either the gift of the 200 acres in 1861, or the sale in 1869 of the residue of the farm by J. M. Garth to his son was to hinder, delay or defraud his creditors. On the contrary he was at that time not only solvent but the owner of a considerable estate.

It is true the note upon which appellant recovered the judgment he seeks in this action to have satisfied, was executed about the time J. M. Garth sold the land to his son, but the consideration of that note was land, the note being for the last payment, and the payment of it was secured by a lien on the land. Besides it appears that from 1869, when the note was given, until 1878 when he became insolvent, J. M. Garth was extensively engaged in trading in stock and farm products generally and the amount of the note might have been collected, but no attempt was made to collect it until 1880. In the meantime in 1878 as he testifies, C. L. Garth had paid the balance due on the land purchased of his father in 1869.

While in his deposition he does not state with particularity the

manner, dates and amounts of the different payments made by him to his father between 1869 and 1878, he does say he paid off the full amount before this action was commenced, and from an exhibit of his resources and profits in farming and trading shows conclusively he had sufficient means to discharge the entire debt.

Judgment *affirmed*.

*W. Lindsay, V. F. Bradley, H. V. Johnson, for appellant.*
*J. B. Finnell, for appellee.*

